IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

| | |
|---|---|
| VADM Manson K. BROWN, USCG Convening Authority,<br><br>        Petitioner, | 17 November 2011<br><br>PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF *MANDAMUS* AND MOTION TO ATTACH FILED 15 NOVEMBER  2011 |
| v. | |
| CAPT Michael TOUSLEY, USCG Military Judge,<br>        Respondent | MISC. DOCKET N0. 002-12<br><br><u>ORDER – PANEL SIX</u> |

Petitioner seeks an order directing Respondent to conduct two general courts-martial in the venue selected by Petitioner.  According to the petition, supported by documents that are the subjects of a motion to attach, Petitioner has referred two cases to general court-martial convened by his order 2-11, which specified that the court-martial meet at Alameda, California. In both cases, Respondent, the trial judge who will preside over the cases, has ordered the cases to be tried at Seattle, Washington.

Specifically, Respondent's Case Management Orders in United States v. Russell, dated 24 October 2011, and United States v. Thoms, dated 25 October 2011, direct that the trials will occur on 17 January and 30 January 2012[1] respectively, and that pre-trial Article 39(a) sessions to hear testimony on motions will be held on 19 December and 21 December 2011 respectively. (Apps. D, G to Brief In Support of Petition for Extraordinary Relief in the Nature of a Writ of Mandamus (Brief).)  The Orders both further state, "Trial will be conducted at a suitable courtroom to be identified in Seattle, WA, unless an alternate location is identified by the Convening Authority and approved by the Military Judge."  (*Id.*)

On 26 October 2011, the Government filed a motion for reconsideration of the order for trial in Seattle in each case.  Respondent notified counsel by email that he would not rule on the motions until he received the witness lists, among other things.  (Apps. J, K to Brief.)  He has

---

[1] Actually, the dates in the orders are 17 January and 30 January 2011, but this is obviously an error.

further stated by email, "I recognize that my concern about cost does not provide me with the authority to redesignate the site. Nonetheless, I remain responsible to make a fact-based ruling in response to my prima facie concern and RCM 801(a)'s direction," citing RCM 801(a) and the discussion following it. (*Id.*)

The Case Management Order in United States v. Russell sets witness list deadlines of 7 December and 9 December 2011. (App. D to Brief.) The Case Management Order in United States v. Thoms sets witness list deadlines of 19 December and 23 December 2011. (App. G to Brief.) Respondent informed counsel by email that "if the witness lists and any Defense response were received sooner, I could respond sooner" to the motions for reconsideration. (Apps. J, K to Brief.)

On 27 October 2011, Petitioner filed a petition nearly identical to the present petition and seeking the same relief. This Court dismissed the petition in view of the pending motions for reconsideration. On 14 November 2011, the Government withdrew its motions for reconsideration. On 15 November 2011, Petitioner filed the present petition, complaining, "Despite the request for expedited review, Respondent has yet to make a ruling on the motions for reconsiderations, thus interfering with the Convening Authority's ability to efficaciously plan for and marshal the necessary resources to carry out his statutory functions."

Petitioner argues that Respondent does not have the authority to order the cases to be tried in a location other than that specified in the convening order, and that his attempt to do so is a usurpation of Petitioner's authority. Petitioner acknowledges that issuance of a writ is a drastic remedy, to be invoked only in extraordinary circumstances, and that a petitioner has an extremely heavy burden to justify it. Specifically, the petitioner must have no other adequate means to obtain the relief he desires, and must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable. *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976).

No doubt Petitioner believes that his right to relief is clear and indisputable, in that the military judge does not have authority to designate the location of trial contrary to the Convening

Authority's choice, in the absence of factors that Petitioner asserts are not present in this case. However, he has done nothing to show us that he has no other adequate means to obtain relief. The Government's motions for reconsideration were a possible means to obtain relief; that the Government has withdrawn them does not in any way strengthen Petitioner's position. While Petitioner might believe the motions for reconsideration were inadequate because Respondent had not ruled on them yet, Petitioner has not shown that further delay in ruling would impair whatever relief might be granted. Petitioner has also not shown that the Government gave Respondent any specific reason to expedite the rulings. Further, as far as has been shown, the Government has not yet filed its witness lists. As noted above, Respondent has indicated that his rulings on the motions for reconsideration awaited filing of witness lists. Expedited filing of witness lists would be another means toward obtaining relief.

Petitioner's claim that the delay in ruling "interfer[es] with [his] ability to efficaciously plan for and marshal the necessary resources to carry out his statutory functions" is too vague to be persuasive.

Accordingly, it is, by the Court, this 17th day of November, 2011,

ORDERED:

That the motion to attach documents is granted; that the Petition for Extraordinary Relief is dismissed.



For the Court,

John T. Ure
Clerk of the Court

Copy:  Chief, Office of Military Justice
         Appellate Government Counsel
         Chief, Legal and Defense Services